UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONES SAGESSE,

    Plaintiff,

v.                                      Case No. 3:25cv1056-MW-HTC

RICKY DIXON, and
RON DESANTIS,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Rones Sagesse, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. After reviewing the complaint, the undersigned concludes this case should be DISMISSED WITHOUT PREJUDICE because: (1) Sagesse has failed to truthfully disclose his litigation history; and (2) the Pensacola Division of this Court is not a proper venue for this action.

**I.    Legal Standard**

Because Sagesse is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Additionally, the Court has inherent authority to dismiss a case based on a plaintiff's failure to comply with Court orders or the Court's Local Rules, or for abusing the judicial process.  *See McNair v. Johnson*, 2025 WL 1923126 (11th Cir. July 14, 2025).

**II.     Sagesse failed to truthfully disclose his litigation history.**

Section VIII of the Court's §1983 complaint form required Sagesse to disclose his prior litigation history and warned him that "***Failure to disclose all prior cases may result in the dismissal of this case.***"  Doc. 1 at 18.  Question A asked whether he "had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?"  *Id.* at 16.  Question B asked whether he had "filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?"  *Id.*  And Question C asked whether he had "filed any other lawsuit in federal court either challenging [his] conviction or otherwise relating to the conditions of [his] confinement?"  *Id.* at 17.  Sagesse answered "Yes" to each question and identified four state court cases as being responsive to the questions.  He did not indicate he had previously filed any cases in federal court.

Based on the undersigned's independent investigation, Sagesse has failed to disclose multiple cases he filed in federal court.  He failed to disclose *Sagesse v. Moore et al.*, N.D. Fla. Case No. 3:25cv765-LC-ZCB (complaining about the conditions of his confinement at Santa Rosa Correctional Institution), despite the

fact the case is still pending and despite having filed it less than two months before this case.  He also failed to disclose *Sagesse v. Hill et al.*, N.D. Fla. Case No. 1:20cv238-AW-HTC (complaining about the conditions of his confinement at Cross City Correctional Institution), despite the fact the case was pending for more than two years and included a January 2023 jury trial.  And he failed to disclose *Sagesse v. Bastedo et al.*, M.D. Fla. Case No. 2:18cv225-JES-M_M (complaining about events related to his criminal prosecution while he was a pretrial detainee in the Lee County Jail), despite the fact the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and is a strike under 28 U.S.C. § 1915(g).  These cases should have been disclosed in response to Questions A and C on the complaint form but were not; indeed, Sagesse never gave any indication he had previously filed a case in federal court.

Despite these omissions, Sagesse signed the complaint form under penalty of perjury.  Doc. 1 at 18-19.  Although, arguably, not every failure to disclose may be malicious, the undersigned finds that it is in this case.  First, the cases Sagesse failed to disclose are recent and some were filed in this very District.  Second, one of the cases went to trial.  Third, one of the cases is a strike under § 1915(g).  Thus, the undersigned finds that Sagesse not only abused the judicial process by failing to truthfully disclose his litigation history but, also, that his affirmative omissions were malicious.

Sagesse's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Sagesse suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Sagesse's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little

purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

### III. The Pensacola Division is not a proper venue for this action.

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). This Court's Local Rules also state "[a]n original case must be filed in a division in which venue would be proper if the division was a stand-alone district." N.D. Fla. Loc. R. 3.1(B). In addition, 28 U.S.C. § 1406 provides that "[t]he district

Case No. 3:25cv1056-MW-HTC

court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Sagesse sues Governor DeSantis and Secretary Dixon; both Defendants are located in the Tallahassee Division of the Court.  Furthermore, the events or omissions giving rise to Sagesse's claims occurred at Northwest Florida Reception Center, an institution located in Washington County, which is covered by the Panama City Division of the Court.[1]

Because neither the Defendants nor the events giving rise to Sagesse's claims have a connection to the Pensacola Division of the Northern District of Florida, this division is not a proper venue for this case under 28 U.S.C. § 1391(b) and N.D. Fla. Loc. R. 3.1(B).  Thus, dismissal of this case is also appropriate under 28 U.S.C. § 1406(a).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE: (1) as malicious for Sagesse's failure to truthfully disclose his litigation history under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and this Court's inherent authority; and (2)

---

[1] Specifically, Sagesse alleges that in July 2023 he refused to get a haircut due to his religious beliefs and, after he spit in the face of a prison official, he got into a physical altercation with correctional officers and was forced to get a haircut.

Case No. 3:25cv1056-MW-HTC

under 28 U.S.C. § 1406(a) because venue is not proper in the Pensacola Division of this Court and a transfer would not further the interest of justice.

2. That the clerk close the file.

At Pensacola, Florida, this 29th day of July, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.